Nash, C. J.
 

 Every indenture of apprenticeship is a contract made between the regular and proper authority, the County Court, and the master, for the benefit of the apprentice. Both the master and the apprentice have an interest in it; the former in the services of the infant for the time specified in the deed, and the latter in the instruction and maintenance by the former for the time of his servitude. This contract, as between the parties to it, is as binding as any other, made between individuals competent to contract, and neither has the power, at his mere will, to annul it. Notwithstanding, however, this binding efficacy of the indentures, the County Court still possesses a supervising power as to the apprentice. If it shall be made known to them that the apprentice is ill-used, or not taught the trade, profession or employment to which he is bound, or in the case of a white orphan, is not taught reading, writing and arithmetic, the Court may cancel the indenture, and bind the infant to some other person. Rev. Code, ch. 5, sec. 3. This binding an apprentice is a personal trust, and the master cannot therefore transfer the indenture ; and when he die swithin the time limited, the trust expires and the orphan returns under the immediate jurisdiction of the County Court, to be again bound out.
 
 Futrell
 
 v.
 
 Vann,
 
 8 Ire. Rep. 402. The case states that at August Term, 1851, of Currituck Court, Polly Gordon, a free child of color, was bound apprentice to Frederick Owens, and that the latter left the State in October, 1854, and has never since been heard from. At May Term, 1855, upon the application of the defendant, the child was bound to him, and regular indentures executed.
 

 The first inquiry is, had the Court at May Term any power to bind the orphan to the defendant? We think they had. Frederick Owens had been gone from the State seven months, upon a voyage to the West Indies, which is usually performed in as many weeks. There was then a dereliction of duty
 
 *325
 
 on his part to his apprentice, either voluntary or involuntary; if involuntary, as by reason of his death, no doubt could exist as to the right of the Court to bind the child to some other person, for his interest had ceased; if voluntary, then he had, himself, abandoned his duty and thrown the child upon the public. By the equity of the act cited, it would be such a neglect in giving her instruction in her profession or employment, as would authorise the action of the Court in 1855.
 

 As the Court had the power to re-bind the orphan, we are bound to presume that they had sufficient ground to act on. The contract of indenture made in 1855, whereby the Court bound the orphan to the defendant, was a valid one, and it was not in the power of the Court to deprive him of his interest in it, except for the causes enumerated in the act, or such as come within its equity. The case states that the defendant was a man of good moral character, and such a one as it was proper to bind apprentices to ; and further, that ho had faithfully discharged his duties as master of the orphan.
 

 It is stated in the record, that the child, Polly Cordon, was not present when she was apprenticed to the defendant, nor was any notice served upon Harriet Owens of the intention of the defendant to apply to the Court to have her bound to him. There is nothing in the act requiring the presence of the orphan when the binding takes place, though it is usual. Here it was not required, for the Court had, upon its records, the age of the child in the indentures previously entered into by Owens, and the only object which could be answered by having the child before them would be to enable the Court to form for themselves a judgment of its probable age.
 

 As to the notice to Harriet Owens, none was necessary; she had no interest in the question. If her husband is still alive, the indenture being with him, she has no interest in the question; if dead, it is at an end.
 

 There is error in the opinion of the Court below, which is reversed, and the notice to cancel the indenture of apprenticeship to the defendant is dismissed.
 

 Per Curiam.
 

 Judgment reversed.